Eastern District of Kentucky
FILED
JAN 14 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| HAROLD D. HOLLADAY, JR., ) | |
| ) | |
| Petitioner, ) | Civil No. 0: 18-111-HRW |
| ) | |
| V. ) | |
| ) | |
| J. C. STREEVAL, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Harold D. Holladay, Jr. has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prison's deduction of funds from his inmate account to satisfy his obligations under an order of forfeiture entered in his criminal case. [D. E. No. 1] This matter is before the Court to conduct an initial review of the petition as required by 28 U.S.C. § 2243.[1]

---

[1] See *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Holladay's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

In November 2012, Holladay and twenty other persons were charged in Little Rock, Arkansas with federal drug and firearms offenses for their participation in a large-scale methamphetamine trafficking ring. As part of a plea agreement, Holladay agreed to forfeit his interest in $1 million in drug proceeds. In April 2014 the trial court sentenced Holladay to 262 months imprisonment (later reduced to 183 months). The trial court further entered an order of forfeiture directing Holladay to "forfeit to the United States a sum of money in the amount of $1,000,000.00, which represents the proceeds obtained as a result of the drug-trafficking offense charged in Count 1 of the Second Superseding Indictment." The order of forfeiture provided that such obligation became "part of the sentence and included in the judgment" entered in favor of the United States. *United States v. Holladay*, No. 4: 12-CR-306-KGB-2 (E.D. Ark. 2012).

Holladay indicates that after his prison term began the BOP started deducting funds from his inmate account pursuant to its Inmate Financial Responsibility Program ("IFRP") to satisfy his obligations under the order of forfeiture. See BOP Program Statement 5380.08 (Aug. 15, 2005). When Holladay filed inmate grievances regarding the matter, the BOP responded that the trial court's order of forfeiture "was a collection order issued by the court and in order to stop or alter this order it will be necessary that this [be] done through the court of record." See [D. E. No. 1-2 to 1-5]

2

In his petition, Holladay alleges that the funds in his inmate account are not derived in any way from the drug trafficking activities for which he was convicted. He further contends that funds in his inmate account are not subject to forfeiture unless the United States obtains a court order permitting it to seize "substitute assets" pursuant to 21 U.S.C. § 853(p)(1), (2). [D. E. No. 1 at Page ID #3]

The Court finds this argument to be without merit. First, as the BOP pointed out in response to Holladay's inmate grievances, these funds were withdrawn pursuant to his voluntary participation in the IFRP. 28 C.F.R. §§ 545.10, 545.11. Holladay signed an agreement with the BOP to withdraw a modest $25.00 from his account every three months. [D.E. No. 1-5 at Page ID # 17] Those funds are used to make partial payments on court-ordered fines, penalties, and obligations while incarcerated. 28 C.F.R. § 545.11(a). If a prisoner wishes to terminate withdrawals from his inmate account because he finds such payments too onerous, he need only cease participation in the IFRP. Program Statement 5380.08 at pp. 14-15. The deduction of funds from Holladay's inmate account is therefore not attributable to actions of the BOP over which he has no control, but is instead the consequence of his voluntary participation in the IFRP.

Second, the trial court in Holladay's case did not direct the forfeiture of particular assets, instead entering a general personal judgment against him for $1 million. *United States v. Holladay*, No. 4: 12-CR-306-KGB-2 (E.D. Ark. 2012) [D.

3

E. No. 565 therein]. Under such circumstances, an order of substitution is not required because the forfeiture is not directed towards specifically-identified assets which must first be traced and discovered by the government; instead, the forfeiture is directed towards general assets of the defendant. In this case, the order directed Holladay to forfeit "... a sum of money in the amount of $1,000,000.00 ..." [D. E. No. 562 therein]

In a similar case, an inmate argued in a § 2241 petition that his income from a prison job and family contributions was "not subject to collection [through the IFRP] on a forfeiture order against specific currency under 21 U.S.C. § 853(a), and that the government is required to seek a substitution of assets under 21 U.S.C. § 853(p) if it wants to collect a general money judgment ..." The court acknowledged that "[t]he strict language of [§853(p)(1), (2)] might suggest that a request for substitution of property would be warranted in order to establish a right to future income." But the court nonetheless denied relief, noting that seven of the federal circuit courts of appeal, including the Sixth Circuit, have held in published decisions that "a personal money judgment may be used to collect on a criminal forfeiture order." *United States v. Bryant*, No. 4:14CV246, 2014 WL 7335181, at *2 (N.D. Ohio Dec. 19, 2014) (citing *United States v. Hampton*, 732 F.3d 687, 691-92 (6th Cir. 2013)). See also *Esquivel v. Warden FCI-Estill*, No. C/A 4:15-cv-4114-TMC-TER, 2016 WL 4414827, at *4-5 (D.S.C. Apr. 29, 2016) (upholding collection of

forfeiture obligation through IFRP). The Court finds the reasoning of these cases persuasive, and thus that the BOP has acted properly in collecting funds from Holladay's inmate account consistent with his voluntary participation in the IFRP.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Harold Holladay's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of January, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge